# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

CAMERON MAYS

VERSUS

CLAIBORNE PARISH, ET AL.

CIVIL ACTION NO. 13-0603

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 6) filed by

Defendant, the Claiborne Parish Police Jury ("the Police Jury").[1]  The Police Jury seeks

dismissal from this lawsuit on the grounds that it does not own, operate, fund, or otherwise

control the Claiborne Parish Detention Center or its employees.  See id.  To date, Plaintiff

Cameron Mays ("Mays") has not opposed the motion.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil

Procedure when "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  Qualify Infusion Care, Inc. v. Health Care Serv.

Corp., 628 F.3d 725, 728 (5th Cir. 2010).[2]  "Rule 56[(a)] mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial."  Patrick v. Ridge, 394

F.3d 311, 315 (5th Cir. 2004).  If the movant demonstrates the absence of a genuine

---

[1]The Police Jury was improperly named in the Original Complaint as "Claiborne Parish."

[2]The Court notes that the amended Rule 56 requires that there be "no genuine *dispute* as to any material fact."  F.R.C.P. 56(a) and Advisory Committee's Note (emphasis added). This change, however, does not alter the Court's analysis as the Court considers this to be a distinction without a difference.

dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that is could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

Additionally, Local Rule 56.1 requires the moving party to file "a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried." Under Local Rule 56.2, the nonmovant must then set forth a "separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." The rule further provides that "all material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required" by the local rules. LR 56.2.

In the present matter, Mays has not filed an opposition to Defendant's Motion for Summary Judgment. The Motion for Summary Judgment was filed on April 5, 2013. See Record Document 6. On April 26, 2013, the Clerk of Court issued a "Notice of Motion Setting" allowing fourteen (14) calendar days to file an opposition to the Motion for Summary Judgment. See Record Document 7. On May 13, 2013, the Court continued the opposition deadline without date. See Record Document 13. On June 10, 2013, the opposition deadline was reset for June 24, 2013. See Record Document 16. As of the date of this Memorandum Ruling, Mays has filed no opposition. Thus, because the material facts set forth by the Police Jury (Record Document 6-3) have not been controverted, there is no genuine dispute as to any material fact.

Page 2 of 4

Case 5:13-cv-00603-TS-MLH Document 21 Filed 07/26/13 Page 3 of 4 PageID #: 123

In his complaint, Mays alleged that he has been subjected to cruel and unusual punishment while an inmate at the Claiborne Parish Detention Center.  See Record Document 1 at ¶¶ 2-3. Mays seems to argue that the Police Jury is liable under Title 42, United States Code, Section 1983 because it (1) operates the detention facility; (2) "contracts out the management and operation of the Claiborne Parish Detention Center to LaSalle Management Corporation"; and/or (3) "creates policies and procedures for the operation of the Claiborne Parish Detention Center and for the rules applicable to housing and disciplining inmates." Id. at ¶ 2.2.1.

"[Section] 1983 liability attaches only where the municipality *itself* causes the constitutional violation at issue." Fraire v. City of Arlington, 957 F.2d 1268, 1277 (5th Cir. 1992) (emphasis added). Local governments and municipalities such as the Police Jury "can never be liable under [S]ection 1983 for the acts of those whom the local government has no authority to control." Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D.La. 1998), citing McMillian v. Johnson, 88 F.3d 1573, 1577 (11th Cir.1996), cert. denied, 520 U.S. 781, 117 S.Ct. 1734 (1997). Here, the following facts are uncontroverted:

1. The Police Jury does not own the Claiborne Parish Detention Center.

2. The Police Jury does not exercise any control over the employees of the Claiborne Parish Detention Center.

3. The Police Jury is not a party to any contract with any other public or private entity to provide for the operation of the Claiborne Parish Detention Center.

4. The Police Jury has no role whatsoever in the creation or enforcement of any policies or procedures governing the operation of the Claiborne Parish Detention Center, the housing or disciplining of its inmates, or the employment, training, supervision, disciplining, or termination of its employees.

Page 3 of 4

Record Document 6-2. These facts are now deemed admitted for purposes of the instant motion. See LR 56.2. In light of these facts, it is clear that the constitutional violations alleged by Mays have no connection to the Police Jury. The Police Jury has no control over the facilities, policies, procedures, or individuals implicated by Mays' claims; thus, it cannot be held liable under Section 1983.

Based on the foregoing analysis, the Court finds that there is no genuine dispute as to any material facts and the Police Jury is entitled to judgment as a matter of law. The Police Jury's Motion for Summary Judgment (Record Document 6) is, therefore, **GRANTED** and Mays' claims against the Police Jury are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of July, 2013.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE