UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAMERON MAYS | CIVIL ACTION NO. 13-cv-0603 |
| VERSUS | JUDGE HICKS |
| CLAIBORNE PARISH, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Cameron Mays ("Plaintiff"), represented by attorney Joseph M. Clark, Sr., filed this civil rights action against several defendants based on alleged mistreatment while housed at the Claiborne Parish Detention Center.  Plaintiff alleges that he is a Lincoln Parish inmate being housed in Claiborne Parish; news reports indicate that he was jailed on charges of first degree murder, aggravated rape, and several other felonies stemming from two home invasions in the Ruston area.  Plaintiff alleges that Claiborne Parish officials housed him in isolation, denied him adequate exercise, denied basic medical and dental care, and frequently disciplined him.

The court was informed that Plaintiff's attorney, Mr. Clark, passed away in December 2013.  A member of Mr. Clark's staff informed the court that Plaintiff was aware of Mr. Clark's passing and that Plaintiff's mother had received the original file from Mr. Clark's office.

The court issued an order in January 2014 that recounted these facts, encouraged Plaintiff to retain new counsel, and granted Plaintiff until February 24, 2014 to either (1) enroll new counsel or (2) file a written statement that he intends to represent himself.  The

order warned that failure to take one of those steps by the deadline "may result in this civil action being dismissed, without further notice, for failure to prosecute." Doc. 26. The order also directed Plaintiff to, upon receipt of it, immediately advise the court in writing of his current address and thereafter promptly inform the court in writing of any change in address.

The court asked counsel for the law enforcement defendants for information about Plaintiff's current address and was informed that he is now housed at the Jackson Parish Correctional Center in Jonesboro. The clerk of court then mailed a copy of the order to Plaintiff at both the Claiborne Parish Detention Center and the Jackson Parish Correctional Center. The copy sent to Claiborne was returned to the court with a notation, "Not here." But the copy that was sent to Jackson was not returned, indicating that Plaintiff received it. The undersigned is, therefore, reasonably sure that Plaintiff received notice of his obligations at the Jackson Parish facility.

The court has not received anything from Plaintiff since the order issued, and the deadline passed more than a week ago. The court has provided Plaintiff with reasonable notice and ample time for him to enroll new counsel or indicate his desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court of his current address or of his desire to proceed on his own. It is highly unlikely that a plaintiff who is unwilling to take such simple steps is interested enough in his case to comply with the more serious requirements of litigation such as responding to discovery requests, serving a witness list, and engaging in motion practice. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of March, 2014.

Mark L. Hornsby
U.S. Magistrate Judge